# UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | |
|---|---|
| **BARBARA FOSTER**  )<br>As Parent and Next Friend of  )<br>J.F., a Minor  )<br>                                 Plaintiff  )<br>v.  )<br>  )<br>  )<br>**JEFFERSON COUNTY PUBLIC SCHOOLS**  )<br>**BOARD OF EDUCATION**  )<br>P.O. Box 34020  )<br>Louisville, Kentucky 40232-4020  )<br>  )<br>-and-  )  Civil Action No. __3:12-cv-220-H__<br>  )<br>**UNNAMED JEFFERSON COUNTY PUBLIC**  )<br>**SCHOOLS SECURITY GUARDS**  )<br>P.O. Box 34020  )<br>Louisville, Kentucky 40232-4020  )<br>  )<br>-and-  )<br>  )<br>**PRINCIPAL JOEY RIDDLE**  )<br>Buechel Metropolitan High School  )<br>1960 Bashford Manor Lane  )<br>Louisville, Kentucky 40218  )<br>  )<br>  )<br>  )<br>  **Serve:** Mike O'Connell  )<br>  JEFFERSON COUNTY ATTORNEY  )<br>  Jefferson Hall of Justice  )<br>  600 West Jefferson Street  )<br>  Louisville, Kentucky 40202  )<br>  )<br>  **Serve:** Brian Matthews  )<br>  JEFFERSON COUNTY JUDGE EXECTIVE  )<br>  710 West Main Street  )<br>  Louisville, Kentucky 40202  )<br>  ) | |

| | |
|---|---|
| **Serve:** Donna Hargens<br>JCPS SUPERINTENDENT<br>P.O. Box 34020<br>Louisville, Kentucky  40232-4020<br><br>**Serve:** Mayor Greg Fischer<br>LOUISVILLE MAYOR<br>Metro Hall, 4th Floor<br>527 West Jefferson Street<br>Louisville, Kentucky  40202<br><br>**Serve:** Joey Riddle<br>BUECHEL METRO HIGH SCHOOL<br>1960 Bashford Manor Lane<br>Louisville, Kentucky  40218<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

\* \* \* \* \* \*    \* \* \* \* \* \*    \* \* \* \* \* \*

## COMPLAINT

Comes the Plaintiff, Barbara Foster, on behalf and as parent and next friend of J.F., a minor, by counsel, and for her complaint hereby states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

## PARTIES

3. The Plaintiff, J.F., resided at 8700 Shepherd's Court, Louisville, Jefferson County, Kentucky 40291 at all times relevant to this action.

4. Defendant Jefferson County Public Schools Board of Education (hereinafter referred to as JCPS) is a Board of Education created pursuant to KRS 160.160, and was located at the address set forth above at all times relevant to this action.

5. Defendant JCPS administers all public schools in Jefferson County, Kentucky.

6. Upon information and belief, Defendant Unnamed Jefferson County Public Schools Security Guards (hereinafter referred to as "Security Guards" or "Guards") were residents of Louisville, Jefferson County Kentucky at all times relevant to this action.

7. Defendant Security Guards were employees of JCPS at all times relevant to this action.

8. Upon information and belief, Defendant Principal Joey Riddle (hereinafter referred to as "Principal") was a resident of Louisville, Jefferson County, Kentucky at all times relevant to this action.

9. Defendant Principal was an employee of JCPS at all times relevant to this action.

10. Plaintiff sues all public employees in their official and individual capacities.

## FACTS

11. Upon information and belief, on or about March 13, 2012 the Plaintiff J.F. attended school at Buechel Metropolitan High School.

12. The Plaintiff has been diagnosed as suffering from mental retardation.

13. The Plaintiff has been diagnosed as suffering from Oppositional Defiant Disorder (ODD).

14. The Plaintiff's foot was resting in an empty chair.

15. Defendant Security Guard #1 kicked the Plaintiff's foot from the chair.

16. Defendant Security Guard #1 took the Plaintiff from his classroom into the hallway.

17. Defendant Security Guard #1 asked the Plaintiff if he believed that the Plaintiff was a man.

18. The Plaintiff did not reply.

19. Defendant Security Guard #1 repeatedly asked the Plaintiff if he believed that he was a man.

20. The Plaintiff, after being asked several times, replied that he did in fact believe he was a man.

21. Defendant Security Guard #1 took the Plaintiff into another room in the school where no students were present.

22. The room where the Plaintiff was taken was known as the "beat-up room" among students at Buechel Metropolitan High School.

23. Defendant Security Guard #1 screamed at the Plaintiff inside the beat-up room.

24. Defendant Security Guard #1 pushed the Plaintiff into a wall inside the beat-up room.

25. Defendant Security Guard #1 threw the Plaintiff to the floor.

26. Defendant Security Guard #2 entered the beat-up room.

27. Defendant Security Guard #1 held the Plaintiff down on the floor.

28. Defendant Security Guard #1 placed his knee on the Plaintiff's head/neck.

29. Defendant Security Guard #2 sat on the Plaintiff's back.

30. Defendant Security Guard #2 grabbed and twisted the Plaintiff's legs.

31. The Plaintiff could not breathe while the Defendant Security Guards were on top of his body.

32. The Plaintiff could not speak while the Defendant Security Guards were on top of his body.

33. A Louisville Metro Police Officer entered the beat-up room while the Security Guards were on top of the Plaintiff.

34. The Police Officer asked the Security Guards why they were on top of the Plaintiff.

35. Defendant Security Guard #1 responded that the Plaintiff had attempted to strike Security Guard #1.

36. The Plaintiff did not attempt to strike Security Guard #1.

37. The Plaintiff tried to tell the Police Officer that he did not attempt to strike Security Guard #1.

38. The Plaintiff tried to ask the Police Officer for help.

39. The Plaintiff could not speak because of the weight of the Guards upon his body.

40. After answering the Police Officer's question, Security Guard #1 applied more pressure to the Plaintiff's head and neck area with his knee.

41. The Plaintiff was injured as a result of Defendant Security Guard #1's actions.

42. The Plaintiff was injured as a result of Defendant Security Guard #2's actions.

43. The Plaintiff suffered severe bruising as a result of the Security Guards' actions.

44. The Plaintiff's face was cut as a result of the Security Guards' actions.

45. A photograph of the Plaintiff's injuries is attached to this Complaint.

46. The Plaintiff was taken into Principal's Joey Riddle's office.

47. Upon information and belief, the Security Guards and the Defendant Principal asked the Police Officer to issue a citation to the Plaintiff for Disorderly Conduct.

48. Upon information and belief, the Police Officer filled out a citation form and gave it to the Principal.

49. The Principal called the Plaintiff's mother.

50. The Plaintiff's mother came to Buechel Metropolitan High School.

51. The Defendant Principal shredded the citation.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF 42 U.S.C. § 1983 – UNLAWFUL SEIZURE

52. Plaintiff restates and re-alleges all previous paragraphs.

53. That at all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

54. That the Defendant Security Guards seized the Plaintiff.

55. That the Defendant Security Guards did not have the requisite reasonable suspicion necessary to effect a seizure of the Plaintiff.

56. That, under color of law, the Defendant Security Guards violated the rights, privileges and/or immunities guaranteed to the Plaintiff by the United States Constitution by illegally seizing the Plaintiff without the necessary reasonable suspicion.

57. That the Defendant Security Guards' actions were wanton, willful, malicious, and/or reckless.

58. That as a result of the unlawful seizure by the Defendant Security Guards, the Plaintiff was deprived of his liberty without due process of the law and in violation of his right to equal protection under the laws, and that the due course of justice was impeded in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

59. In the alternative, and without waiving the foregoing, that the aforementioned excessive use of force by the Defendant Security Guards on the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

60. That the Defendant JCPS is liable under the doctrine of *respondeat superior*.

## COUNT II: VIOLATION OF 42 U.S.C. § 1983 – INFLICTION OF CRUEL AND UNUSUAL PUNISHMENT

61. Plaintiff restates and re-alleges all previous paragraphs.

62. That at all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §§1983, 1985, 1986 and 1988.

63. That the Defendant Security Guards' conduct was intended to punish the Plaintiff.

64. That the Defendant Security Guards' actions constitute Cruel and Unusual Punishment under the Eight Amendment of the United States Constitution.

65. That the Defendant Security Guards acted willfully, wantonly, maliciously, and/or recklessly.

66. As a result of the cruel and unusual punishment of the Plaintiff, the Defendants deprived the Plaintiff of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Eighth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

67. That the Defendant JCPS is liable under the doctrine of *respondeat superior*.

## COUNT III: FALSE IMPRISONMENT

68. Plaintiff restates and re-alleges all previous paragraphs.

69. This state-law claim of False Imprisonment is properly before this Court pursuant to 28 U.S.C. §1367, as interpreted by *Voyticky v. Timberlake*, 412 F.3d 669 (6th Cir. Ohio 2005).

70. The Defendant Security Guards acted with the intention of confining the Plaintiff.

71. The Defendant Security Guards confined the Plaintiff within fixed boundaries.

72. The Defendant Security Guards actions were the direct and proximate cause of the Plaintiff's confinement.

73. The Plaintiff was aware of his confinement.

74. The Plaintiff did not consent to his confinement.

75. The Plaintiff suffered damages as a result of the confinement.

76. That the Defendant Security Guards' actions were the direct and proximate cause of the Plaintiff's damages.

77. The Plaintiff's damages as a result of the confinement include great mental and emotional pain and suffering.

78. The Plaintiff will also suffer future mental and emotional pain and suffering as a result of his confinement.

79. That said confinement was wrongful, improper, and without a claim of reasonable justification, authority or privilege.

80. That the actions of the Defendants in falsely imprisoning the Plaintiff justify punitive damage awards against said Defendants.

81. That the Defendants JCPS is liable under the doctrine of *respondeat superior*.

## COUNT IV: ASSAULT

82. Plaintiff restates and re-alleges all previous paragraphs.

83. This state-law claim of Assault is properly before this Court pursuant to 28 U.S.C §1367.

84. That the Plaintiff J.F. is a reasonable person.

85. The Defendant Security Guards placed the Plaintiff in apprehension of an immediate battery.

86. The Defendant Security Guards intended to place the Plaintiff in apprehension of an immediate battery.

87. The Plaintiff's apprehension of an immediate battery was caused by the Defendant Security Guards' actions.

88. The Plaintiff did not consent to being assaulted.

89. The Plaintiff suffered injuries as a result of the assault.

90. The conduct of the Defendants resulted in the Plaintiff suffering mental and emotional pain.

91. The conduct of the Defendants will result in the Plaintiff suffering additional future mental and emotional pain.

92. That the actions of the Defendant Security Guards, in assaulting the Plaintiff, justify punitive damage awards against said Defendants.

93. That the Defendant JCPS is liable under the doctrine of *respondeat superior*.

## COUNT V:  BATTERY

94. Plaintiff restates and re-alleges all previous paragraphs.

95. This state-law claim of Battery is properly before this Court pursuant to 28 U.S.C. §1367.

96. The Defendant Security Guards touched the Plaintiff.

97. The Defendant Security Guards touching of the Plaintiff was offensive to the Plaintiff.

98. The Defendant Security Guards contact of the Plaintiff was harmful.

99. The Plaintiff did not consent to the contact by the Defendant Security Guards.

100. The Defendant Security Guards acted with the intention of contacting the Plaintiff.

101. The Defendant suffered injuries as a result of the battery.

102. The Defendant Security Guards' actions were the direct and proximate cause of the Plaintiff's injuries.

103. The battery resulted in the Plaintiff suffering great physical pain.

104. The battery will result in the Plaintiff suffering additional future physical pain.

105. The battery resulted in the Plaintiff suffering great mental and emotional pain.

106. The battery will result in the Plaintiff suffering additional future mental and emotional pain.

107. The battery resulted in the Plaintiff being placed at an increased risk of suffering a future harm.

108. That the actions of the Defendant Security Guards in battering the Plaintiff justify punitive damage awards against the Defendants.

109. That the Defendant JCPS is liable under the doctrine of *respondeat superior*.

### COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

110. Plaintiff restates and re-alleges all previous paragraphs.

111. This state-law claim of Intentional Infliction of Emotional Distress is properly before this Court pursuant to 28 U.S.C. §1367.

112. The Defendant Security Guards acted intentionally and/or recklessly in assaulting the Plaintiff.

113. The Defendant Security Guards acted intentionally and/or recklessly in battering the Plaintiff.

114. The Defendant Security Guards acted intentionally and/or recklessly in falsely imprisoning the Plaintiff.

115. The Defendant Security Guards acted intentionally and/or recklessly in depriving the Plaintiff of his Constitutional rights.

116. The Defendant Security Guards' conduct was outrageous and extreme.

117. The Plaintiff suffered severe emotional distress as a result of the conduct of the Defendant Security Guards.

118. The actions of the Defendant Security Guards are the direct and proximate cause of the damages sustained by the Plaintiff.

119. The conduct of the Defendant Security Guards resulted in the Plaintiff suffering extreme mental and emotional distress.

120. The conduct of the Defendant Security Guards will result in the Plaintiff suffering additional extreme mental and emotional distress in the future.

121. The Defendant Security Guard's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

122. That the actions of the Defendant Security Guards, in intentionally inflicting emotional distress on the Plaintiff, justify punitive damage awards against said Defendants.

123. That the Defendant JCPS is liable under the doctrine of *respondeat superior*.

### COUNT VII:  NEGLIGENT HIRING, TRAINING, AND/OR RETENTION

124. Plaintiff restates and re-alleges all previous paragraphs.

125. This state-law claim of Negligent Hiring, Training and/or Retention is properly before this Court pursuant to 28 U.S.C. §1367.

126. Defendants JCPS and Principal Joey Riddle owed a duty of care to the Plaintiff to use reasonable care in hiring, training, and retaining security guards that secure the school.

127. Defendants JCPS and Principal Joey Riddle breached this duty of care.

128. Defendants JCPS and Principal Joey Riddle failed to exercise reasonable care in hiring, retaining, and/or training the Defendant Security Guards.

129. The failure of Defendants JCPS and Principal Joey Riddle to exercise reasonable care in hiring, retaining, and/or training the Defendant Security Guards was the direct and proximate cause of the Plaintiff's injuries.

130. The Plaintiff suffered injuries as a result of the Defendants' failure to exercise reasonable care.

131. The Defendants' actions resulted in the Plaintiff suffering mental and emotional pain and suffering.

132. The Defendants' actions will result in the Plaintiff suffering additional future mental and emotional pain and suffering.

133. The Defendants' actions resulted in the Plaintiff suffering great physical pain.

134. The Defendants' actions will result in the Plaintiff suffering additional future pain.

135. The Defendants' actions have placed the Plaintiff at an increased risk of suffering future harm.

## COUNT VIII: NEGLIGENT SUPERVISION

136. Plaintiff restates and re-alleges all previous paragraphs.

137. This state-law claim of Negligent Supervision is properly before this Court pursuant to 28 U.S.C. §1367.

138. Defendants JCPS and Principal Joey Riddle owed a duty of care to the Plaintiff to use reasonable care in supervising the security guards that secure the school.

139. Defendants JCPS and Principal Joey Riddle breached this duty of care.

140. Defendants JCPS and Principal Joey Riddle failed to exercise reasonable care in supervising the Defendant Security Guards.

141. The failure of Defendants JCPS and Principal Joey Riddle to exercise reasonable care in supervising the Defendant Security Guards was the direct and proximate cause of the Plaintiff's injuries.

142. The Plaintiff suffered injuries as a result of the Defendants' failure to exercise reasonable care.

143. The Defendants' actions resulted in the Plaintiff suffering mental and emotional pain and suffering.

144. The Defendants' actions will result in the Plaintiff suffering additional future mental and emotional pain and suffering.

145. The Defendants' actions resulted in the Plaintiff suffering great physical pain.

146. The Defendants' actions will result in the Plaintiff suffering additional future pain.

147. The Defendants' actions have placed the Plaintiff at an increased risk of suffering future harm.

### COUNT IX: GROSS NEGLIGENCE

148. Plaintiff restates and re-alleges all previous paragraphs.

149. This state-law claim of Gross Negligence is properly before this Court pursuant to 28 U.S.C. §1367.

150. Defendants JCPS and Principal Joey Riddle owed a duty of care to hire, train, retain and supervise the Defendant Security Guards.

151. Defendants JCPS and Principal Joey Riddle breached this duty by failing to exercise even slight care when hiring, training, retaining and/or supervising the Defendant Security Guards.

152. The Defendant Security Guards owed a duty of care to the Plaintiff to act as reasonable security guards under the same or similar circumstances.

153. The Defendant Security Guards breached this duty by failing to exercise even slight care, and acted in a manner consistent with wanton or reckless disregard for the life and safety of the Plaintiff.

154. That the Defendants' breach of duty was so egregious that it rises to the level of gross negligence and supports an award of punitive damages.

155. That the Defendants' breach of duty was the direct and proximate cause of the injuries sustained by Plaintiff.

156. That the Plaintiff suffered injuries as a result of the Defendants' actions.

157. The Defendants' actions resulted in the Plaintiff suffering mental and emotional pain and suffering.

158. The Defendants' actions will result in the Plaintiff suffering additional future mental and emotional pain and suffering.

159. The Defendants' actions resulted in the Plaintiff suffering great physical pain.

160. The Defendants' actions will result in the Plaintiff suffering additional future pain.

161. The Defendants' actions have placed the Plaintiff at an increased risk of suffering future harm.

## DAMAGES

162. Plaintiff restates and re-alleges all previous paragraphs.

163. Plaintiff's physical, mental and emotional anguish and pain and suffering were unnecessary and preventable. Plaintiff is entitled to recover for the wanton and unnecessary pain and suffering he endured. Defendants' violations of Plaintiff's Constitutional and common law

rights were cruel, malicious, and evinced a total and reckless disregard for Plaintiff's rights, entitling him to recover punitive damages and attorney's fees from Defendants in order to deter such conduct in the future.

*WHEREFORE,* the Plaintiff would respectfully demand as follows:

1. Judgment against the Defendants, in a sum reasonably calculated to compensate the Plaintiff for his injuries and damages;
2. Pre-judgment interest;
3. Post-judgment interest;
4. Punitive damages in the sum of One-Million Dollars ($1,000,000.00);
5. Attorney fees and court costs reasonably incurred;
6. Trial by jury;
7. All just and proper relief to which Plaintiff may appear entitled, including the right to amend this Complaint.

Respectfully Submitted,

**AGUIAR LAW OFFICE**

/s/ Craig "Sam" Aguiar_____
CRAIG "SAM" AGUIAR
NICHOLAS CHANDLER
4400 Breckenridge Lane, Suite 310
Louisville, Kentucky 40218
Telephone: (502) 400-6969
*CO-COUNSEL FOR PLAINTIFF*

15

**SIMMS & REED, PLLC**


/s/ Sean M. Reed  (with permission)
GREGORY D. SIMMS
SEAN M. REED
455 S. 4th Street, Suite 1228
Louisville, Kentucky  40202
Telephone:  (502) 618-4949
*CO-COUNSEL FOR PLAINTIFF*


**CERTIFICATE OF SERVICE**

    I herby certify that the foregoing Complaint was filed via the ECF case management system in the United States District Court for the Western District of Kentucky, Louisville Division, on this the 29th Day of April, 2012.


/s/ Craig "Sam" Aguiar
CRAIG "SAM" AGUIAR

**ATTACHMENT: PHOTOGRAPH OF PLAINTIFF'S INJURIES**

